IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL G. ATAMIAN, MD, MSEE JD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALAN SIMPSON, individually and in his official capacity as Judge of Fresno County Superior Court, WILLIAM M. RICH MD; and JERRY D. CASHEROS, attorney for DR. RICH,<br><br>　　　　　Defendants. | CV F 07-0027 AWI DLB<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[Documents # 7 and # 14] |

　　　This is an action primarily for declaratory relief. Plaintiff Gabriel Atamain ("Plaintiff") sought to amend a complaint for malpractice in Superior Court of Fresno County ("Superior Court") so as to name himself as a plaintiff in that case (the "State Case"). The State Case is an action for professional negligence against Dr. William Rich ("Rich"), who was represented in that case by his attorney, Jerry D. Casheros ("Casheros"). In the State Action, Plaintiff's repeated attempts to amend the complaint to add himself as a party plaintiff were denied because Plaintiff failed to provide documents to show he had a real interest in the case. After several appearances in the Superior Court, Judge Alan Simpson denied Plaintiff's *ex parte* request to add

himself and the estate administrator to the complaint as party plaintiffs at a hearing on June 29, 2006. The State Case was later dismissed. Judge Simpson's denial of Plaintiff's *ex parte* request is currently pending on appeal before the Fifth District Court of Appeals. In this case, Plaintiff has cast what he alleges were irregularities in proceedings in the State Case as violations of his constitutional rights. Plaintiff's complaint requests, inter alia, that this court rule on Judge Simpson's denial of the motion to amend in the State Case and to remand to the Superior Court, presumably with instructions to allow amendment of the complaint. The court now considers the motions of each of the defendants to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the motions to dismiss will be granted.

## PROCEDURAL HISTORY

The original State Case was filed in Superior Court on November 10, 2005, by plaintiff Margaret Beberian, now deceased, who was Plaintiff's sister and was the sole plaintiff in that case. During the pendency of defendant's motion to demurrer in that case, Margaret Beberian died. Plaintiff and the decedent's son, Philip Berberian, sought to amend the complaint by simply substituting their names as the party plaintiffs and without making any substantive changes to the original complaint. After being advised of the substantive deficiencies of that approach to amendment of the complaint, Plaintiff was granted leave to obtain counsel and refile the complaint. On May 2, 2006, Plaintiff filed substantially the same complaint without correcting the identified deficiencies. That attempt to amend was rejected and Plaintiff was again advised to obtain counsel and correct the substantive deficiencies in the complaint.

Plaintiff then filed an *ex parte* request to amend the complaint and again submitted substantially the same complaint that he had proposed and that was rejected in the first two efforts to amend the complaint. At oral hearing on June 29, 2006, Judge Simpson again denied Plaintiff's motion to amend, this time with prejudice. On July 7, 2006, Plaintiff filed a writ of mandamus with the Fifth District Court of Appeal ("Fifth District"). The writ was ultimately denied. On August 2, 2006, the State Case was dismissed. Plaintiff appealed the decision of

June 29, 2006, denying Plaintiff's request to amend the complaint, to the Fifth District. That appeal is pending.

Plaintiff filed two actions in this court. The first, naming Judge Simpson as the sole defendant, was filed on January 5, 2007. <u>Atamain v. Simpson</u> 07cv0025 AWI DLB. This action was transferred to Judge O'Neill and was dismissed without leave to amend on March 5, 2007, pursuant to findings of fact and recommendations of law by the Magistrate Judge. Plaintiff's motion for reconsideration of the dismissal of the first action was denied.

The second and instant action naming Rich and Casheros as defendants along with Judge Simpson, was filed on January 8, 2007. Plaintiff filed a motion to amend the complaint in the instant action on February 13, 2007. That motion is pending and will be decided *infra* in conjunction with the court's decision on the motions to dismiss now before the court.

In the instant action, Judge Simpson filed his motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on January 30, 2007. Plaintiff filed what the court construes as his opposition on March 1, 2007. Judge Simpson filed a reply on March 8, 2007. Defendants Rich and Casheros filed their motion to dismiss on February 27, 2007. Plaintiff filed what the court construes as his opposition on March 13, 2007. Defendants Rich and Casheros filed a reply on April 2, 2007. .

## PLAINTIFFS FACTUAL ALLEGATIONS

Because the court intends to resolve both Plaintiff's motion to amend the complaint and Defendants' motions to dismiss in this opinion, the court will incorporate herein factual allegations contained in the proposed amended complaint, as well as the original complaint. The court also takes judicial notice of the records submitted by the parties of filings and proceedings before the Superior Court and the Fifth District.

Plaintiffs factual allegations center around proceedings in the Superior Court on June 29, 2006, before Judge Simpson. The June 29 proceeding was a hearing on Plaintiff's *ex-parte* request to add his name and the name of the decedent's son, Phillip Berbarian, to the caption of

the complaint as party plaintiffs. A portion of the transcript of that hearing is appended to the complaint, and indicates that the June 29 hearing was one in a series of proceedings reflecting Plaintiff's repeated attempts to add himself to the complaint and his repeated failures to comply with the legal requirements to accomplish that objective. At the end of the proceeding, Judge Simpson denied Plaintiff's *ex parte* request.

Plaintiff's factual allegations with regard to the June 29 proceeding are scattered and somewhat repetitive, but can adequately be summarized as follows: (1) before the hearing and in the presence of Plaintiff, Judge Simpson "began to perform body languages portraying the sign of 'waking up from the sleep.'" Doc. # 28 at ¶24; (2) Judge Simpson questioned Plaintiff as to whether he had procured the services of an attorney and whether Plaintiff was an attorney as he claimed, and threatened Plaintiff by stating the case would be dismissed if an attorney was not hired; (3) Judge Simpson intimidated Plaintiff by having a deputy sit in the audience while Plaintiff was present with orders to assist in the event Plaintiff became agitated; (4) Judge Simpson stated that Plaintiff is "'somewhat unstable;'" and (5) Judge Simpson denied the request to amend.

With regard to Defendant Rich, Plaintiff's complaint or proposed amended complaint allege nothing, except that Rich did not answer the complaint. With regard to Defendant Casheros, Plaintiff's allegations are somewhat unclear, but appear to be that Plaintiff was intimidated by a letter sent by Casheros to Plaintiff informing Plaintiff that the instant federal action was patently frivolous and requesting that Plaintiff voluntarily dismiss the action.

**LEGAL STANDARD**

Defendants request this case be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the Rooker-Feldman doctrine.

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

4

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

      Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

      A defendant may also attack the existence of subject matter jurisdiction apart from the

5

pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

Defendants also contend this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine takes its name from Rooker v. Fidelity Trust Co., 263 U.S. 413 [. . .](1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 [. . .] (1983). Under Rooker-Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." Noel v. Hall, 341 F.3d 1148,1154 (9th Cir. 2003).

> In its routine application, the Rooker-Feldman doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of the decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties. Rooker-Feldman becomes difficult – and, in practical reality, only comes into play as a contested issue – when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court."

Id. at 1155.

Ninth Circuit decisions fall into a relatively clear pattern. Where the federal plaintiff "complains of a *legal* wrong allegedly committed by the state court, and seeks relief from the judgment of that court," the federal plaintiff has made a forbidden defacto appeal of the state court judgment. Id. at 1162. At the core of the forbidden de facto appeal is an allegation of an erroneous ruling by the state court that leads to the withholding of a benefit from, or imposes a detriment on the federal plaintiff, or in some other way causes harm to the federal plaintiff.

6

Conversely, "where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather a legal injury caused by an adverse party, Rooker-Feldman does not bar jurisdiction." Id. at 1163.

## DISCUSSION

**I. Defendants Rich and Casheros**

Plaintiff's complaint and proposed amended complaint assert claims for relief pursuant to 42 U.S.C., sections 1983 and 1985(3). Section 1983 provides a basis for a conspiracy for relief against *state actors* who cause a plaintiff to suffer the depravation of a constitutionally guaranteed right. Casheros and Rich are private parties and not state actors. Where a violation of section 1983 is alleged against private persons, the court presumes there is no state action unless the plaintiff alleges "something more" to support the claim that the private parties were operating under color of state law. Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999). To determine whether a plaintiff has successfully alleged something more, courts look for alleged facts that establish public function, joint action with governmental actors, governmental coercion or a governmental nexus.

42 U.S.C., sections 1985(2) and (3) provide a basis for a claim for relief for depravation of a constitutional right where the depravation is the result of a conspiracy to violate the plaintiff's constitutionally-guarantee of equal protection. As defendants point out, while an action pursuant to these sections can reach private conduct, these sections only reach conspiracies that are motivated by racial or class-based discriminatory animus. Griffen v. Breckenridge, 403 U.S. 88 101-102 (1971). Defendants correctly assert that a claim pursuant to section 1985(2) must allege: (1) a conspiracy, (2) motivated by racial or class-based animus, and (3) with intent to deny equal protection or to injure for lawfully seeking equal protection. Similarly a successful claimant pursuant to section 1985(3) must allege: (1) a conspiracy, (2) to deprive the plaintiff of equal protection rights, (3) where an act is performed in furtherance of the conspiracy, and (4) harm or a depravation of an equal protection right ensues.

Neither the complaint or the proposed amended complaint allege any acts by Rich. As close as Plaintiff comes to making a factual allegation against Rich is to allege that he did not answer the complaint. Plaintiff offers no basis for any claim of constitutional depravation on the basis of an un-answered complaint, nor can the court imagine how an un-answered complaint could constitute such a depravation. The court therefore finds Plaintiff has failed to state any claim against Rich upon which any relief could be granted. Dismissal will therefore be granted as to Rich.

Similarly, Plaintiff's allegations with regard to Casheros involve only vague allegations pertaining to a conversation that occurred between the court and Casheros during which Casheros raised the issue of Plaintiff's prior representation to the court that he would dismiss the case if he could not obtain legal counsel, and Plaintiff's later representation to the court that he is an attorney. Plaintiff also alleges he was intimidated by the letter he received from Casheros that was dated January 11, 2007.

The court has reviewed the portion of the transcript of the hearing on June 29, 2006 that was appended to Plaintiff's proposed amended complaint, and the letter sent by Casheros to Plaintiff. The court cannot discern anything in the transcript that would serve to support Plaintiff's allegation that the court and Casheros somehow conspired to deprive Plaintiff of a constitutional right. Presumably, what Plaintiff is trying to get at by reference to the transcript of the proceedings is that the conversation that occurred between the court and Casheros was somehow aimed at depriving Plaintiff of his right to act as his own counsel. If that is Plaintiff's point – and the court can discern no other – then Plaintiff missed the mark because there was no depravation. The court did not deny Plaintiff any right to act as his own counsel. What the Superior Court denied was permission for Plaintiff to add his name to the complaint as a party plaintiff. The court then merely advised Plaintiff that Plaintiff would likely be more successful if he hired an attorney to help Plaintiff meet the legal requirements to advance his case. So far as the record reflects, Plaintiff was acting as his own counsel when the hearing began and remained

his own counsel after the hearing was over.  As to the letter Casheros sent Plaintiff, the court finds there was nothing in the letter that could be reasonably interpreted as intimidating.

The court finds Plaintiff has failed to allege any conduct by Casheros that could form a basis for a grant of relief by the court.  Casheros' motion for dismissal will therefore be granted.

**II. Judge Simpson**

The core of Plaintiff's claim against Judge Simpson is that Plaintiff suffered a depravation of his Fourteenth Amendment right to due process when Plaintiff's motion to amend the complaint was denied.  Plaintiff's claim is the paradigmatic instance of an attempted appeal by a disappointed litigant in a state case to a federal district court that is prohibited by the Rooker Feldman doctrine.  Plaintiff strives mightily to plead around Rooker-Feldman by alleging various irregularities during the proceedings, or before or after the proceedings, but none of these allegations state a free-standing claim of constitutional depravation.  Alleging, for example, that a judge performed bizarre "waking up body language" before a hearing does not state a constitutional depravation.  Likewise, taking precautions against the possibility a litigant might act out is well within a judges duty and discretion in managing his or her courtroom.

The only reason Plaintiff has alleged aberrant behavior in connection with the proceedings is because he wants this court to review the substantive outcome of those proceedings; that is, to review the legal conclusions reached by the state court.  This is precisely what this court lacks jurisdiction to do.  Because the court lacks jurisdiction to undertake the review Petitioner seeks, the court will grant the motion of Defendant Judge Simpson to dismiss pursuant to Rule 12(b)(1).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

The court finds that in this case, the defects in Plaintiff's complaint cannot be cured by

9

amendment of the pleadings.  Fundamentally, Plaintiff is trying to get this court to review a legal determination by the Superior Court and this court lacks jurisdiction to carry out that function. Leave to further amend the complaint is therefore DENIED.

The motions of Rich, Casheros and Judge Simpson to dismiss all claims by Plaintiff is hereby GRANTED.  Plaintiff's complaint is hereby DISMISSED as to all Defendants without leave to amend.  The clerk of the court is hereby ordered to CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   May 16, 2007**                         /s/ **Anthony W. Ishii**
                                                    UNITED STATES DISTRICT JUDGE